**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: September 26 2018**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 17-33884 |
| | ) | |
| Carleen M. Franklin, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

**ORDER REGARDING MOTION FOR ORDER REGARDING NOTICE OF SURPLUS FUNDS**

The deadline for filing claims in this case having passed, the Chapter 7 Trustee has recovered more money than there are presently claims to pay. On September 24, 2018, he filed a motion requesting that the court instruct the Clerk "to send a Notice of Surplus funds to the creditors listed in the within proceeding." [Doc. # 31].

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. This is a core proceeding that the court may hear and determine under 28 U.S.C. § 157(b)(1) and (b)(2)(A). For the following reasons, the court will deny the Trustee's motion.

## BACKGROUND

Debtor filed her Chapter 7 bankruptcy petition on December 15, 2017. On December 19, 2017, the Bankruptcy Noticing Center sent notice of the case to all creditors at the addresses on Debtor's creditor

matrix. As permitted by Bankruptcy Rule 2002(e), the notice instructed creditors that they should not file a proof of claim as there appeared to be no property available for distribution. [*See* Doc. # 5]. On April 4, 2018, a notice pursuant to Bankruptcy Rule 3002(c)(5) was sent to all creditors at the addresses on the creditor matrix, informing them that assets have been recovered by the trustee and that "creditors who wish to share in distribution of funds must file a proof of claim" by July 12, 2018. [Doc. # 25]. Although Schedule E/F includes eighteen general unsecured creditors, only one proof of claim was timely filed by the July 12, 2018, deadline, and no further claims have been filed.

## DISCUSSION

As indicated above, the Trustee filed a motion on September 24, 2018, requesting notice to creditors that there will be surplus funds available for additional distribution in this case. [Doc. # 31]. Although the Trustee's motion does not specify, because the deadline for filing a timely proof of claim expired on July 12, 2018, and the court has no authority for extending that deadline, *see In re Valerino Constr., Inc.*, 275 B.R. 684, 687 (Bankr. W.D.N.Y. 2002) (stating that "other than for the exceptions set forth in Sections 3002(c) . . . neither the Clerk nor the Bankruptcy Court has the power or authority to extend that bar date"), the court construes the motion as requesting an order directing the Clerk to send notice to creditors in order that they might file late claims. The court recently addressed whether it is appropriate for the court to provide creditors with a second notice that solicits late filed claims and concluded, notwithstanding longstanding past practices, that it was not. *See In re Cisneros*, No. 17-33497, 2018 WL 447321 (Bankr. N.D. Ohio September 17, 2018).

Neither the Bankruptcy Code nor the Bankruptcy Rules provide the court with authority to set a deadline by which late claims must be filed. While 11 U.S.C. § 105(a) empowers the court to issue such orders as are "necessary or appropriate" to carry out the provisions of the Bankruptcy Code, such equitable power "must and can only be exercised within the confines of the Bankruptcy Code." *Law v. Siegel,* 134 S. Ct. 1188, 1194 (2014). A notice by the court setting a deadline for filing late claims conflicts with provisions of the Code that provide that late-filed unsecured claims in a Chapter 7 case are allowed claims, 11 U.S.C. § 502(b)(9), and expressly provide for payment of late-filed claims, *see* 11 U.S.C. § 726(a)(1) (providing for payment on a first-level priority basis for tardy priority claims filed on or before the earlier of ten days after the mailing of the trustee's final report or the date on which the trustee begins final distribution under § 726); 11 U.S.C. § 726(a)(2)(C) (providing for payment on a second-level priority basis for tardy non-priority unsecured claims where creditor did not have notice or actual knowledge of the case

in time to file a timely proof of claim if filed in time to permit payment of the claim); 11 U.S.C. § 726(a)(3) (providing for payment on a third-level priority basis "of *any* allowed unsecured claim proof of which is tardily filed under section 501(a), other than a claim of the kind specified in paragraph (2)(C) of this subsection"). In *Cisneros*, the court found that "any second deadline set by the court would be arbitrary and unenforceable." *In re Cisneros*, 2018 WL 4473621, at *4. *But see In re Houser*, 242 B.R. 406 (Bankr. S.D. Ohio 1999) (finding it "important for a Chapter 7 trustee's administration of an estate with surplus funds that a deadline exist for filing tardy claims prior to the trustee making a distribution to the debtor pursuant to 11 U.S.C. § 726(a)(6)"). The court explained that "[a]n unsecured claim filed even after a second claims bar date set by the court is still tardily filed and, thus, pursuant to § 726(a)(3), entitled to payment from any surplus of funds remaining after all first and second-level priority claims are paid in full." *Id.*

The court also considered the fact that late-filed claims of creditors that received notice of the claims bar date are paid before any fourth or fifth level distributions are made, which include distributions to certain creditors holding claims for fines, penalties, or multiple or punitive damages, and distributions in payment of interest to creditors who have filed claims timely. *See id.* at *5 (citing 11 U.S.C. § 726(a)(4) and (5)). The court thus noted that soliciting late-filed claims would potentially impact the amount received by creditors that may otherwise be entitled to a distribution on a fourth or fifth-level priority basis and found its involvement in such a solicitation to be inappropriate. *Id.*

The court further noted that a second filing deadline makes for awkward and ambiguous interaction with Bankruptcy Rule 3004, which allows a debtor or trustee to file a proof of claim for a creditor "within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable." *Id.* (quoting Fed. R. Bankr. P. 3004)

Finally, the court found it inappropriate for the judiciary to bear the expense of a second notice to creditors who have otherwise sat on their rights and shown no interest in participating in a distribution from the bankruptcy estate. *Id.; see In re Collins*, No. 13-545, 2014 WL 1682868, *2, 2014 Bankr. LEXIS 1939, **5-7 (Bankr. N.D.W. Va. April 29, 2014) (stating that it lies within the sound business judgment of the trustee to solicit tardily-filed proofs of claim but that the expense of any subsequent solicitation should not be borne by the judiciary); *In re Austin*, No. 15-70133, 2016 WL 5819807, *3, 2016 Bankr. LEXIS 3632, *8 (Bankr. W.D. Va. Oct. 5, 2016) (same).

As discussed in *Cisneros*, the decision of the Sixth Circuit Court of Appeals in *Riverview Trenton Railroad Company v. DSC, Ltd*, 486 F.3d 940 (6th Cir. 2007), does not support a contrary holding. In *DSC*,

*Ltd.,* the bankruptcy court set a deadline for creditor joinder in an involuntary petition, while the applicable Bankruptcy Code provision allows creditors to join in the petition any time "before the case is dismissed or relief is ordered," 11 U.S.C. 303(c).  Creditors who were denied joinder after the court's deadline but before dismissal appealed.

Agreeing with the bankruptcy court that the statute merely sets an outside deadline, and against tension with the bankruptcy rule requiring a ruling on a contested petition "at the earliest practicable time," Fed. R. Bankr. P. 1013(a), the Sixth Circuit held that the statute did not prohibit a bankruptcy court from setting an earlier deadline "based upon its case management authority, in order to ensure orderly, fair and efficient proceedings."  *DSC, Ltd.*, 486 F.3d at 948.

The deadline sought from the court by the Trustee in this case is different.  There is no similar tension between any applicable rules and § 726.  It is not based on the court's conduct of issues before it, but the Trustee's own administrative duties, efforts and convenience.  Months may (and sometimes do) elapse between claims bar dates and trustee distributions.  Trustee requests like the one in this case ask the court to decide in advisory fashion what "in time to permit payment of such claim" under § 726(a)(2)(C)(ii) means divorced of actual circumstances surrounding a particular claim, a statutory standard that is absent in any event from paying late claims at the third level of priority.  In contrast to the bankruptcy court's deadline in *DSC, Ltd.*, the deadline sought by the Trustee here would not necessarily stand up to scrutiny under § 726(a) if a general unsecured creditor misses it.  In the meantime, its very existence would be misleading.

**THEREFORE**, for all of the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Trustee's Motion for Order Regarding Surplus Funds [Doc. # 31] be, and hereby is, **DENIED.**

###

4